# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**WESLEY J. WILLIAMS,**
**Claimant Below, Petitioner**

**FILED**

July 6, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0919**  (BOR Appeal No. 2051196)
(Claim No. 2015025987)

**SWVA, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Wesley J. Williams, by Edwin Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. SWVA, Inc., by Steven Wellman, its attorney, filed a timely response.

The issue presented in the instant appeal is the rejection of Mr. Williams's claim for workers' compensation benefits. On March 26, 2015, the claims administrator rejected Mr. Williams's claim for workers' compensation benefits. The Office of Judges affirmed the decision of the claims administrator in its decision dated March 9, 2016. This appeal arises from the Board of Review's Final Order dated August 31, 2016, in which the Board affirmed the Order of the Workers' Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Williams alleges that he developed bilateral carpal tunnel syndrome in the course of and resulting from his employment as a production worker. In support of his claim for workers' compensation benefits, Mr. Williams provided treatment notes from Adam Dann, D.O., dated January 6, 2015, in which Mr. Williams's diagnosis was listed as bilateral carpal tunnel syndrome. However, Dr. Dann did not make a statement regarding the etiology of the diagnosis

1

of carpal tunnel syndrome. Also on January 6, 2015, Mr. Williams completed an Employee's and Physician's Report of Injury in which he indicated that he sustained an injury to both wrists. The physician's portion of the report was left blank.

Marsha Lee Bailey, M.D., performed an independent medical evaluation on February 24, 2015. Dr. Bailey confirmed the prior diagnosis of carpal tunnel syndrome, and also obtained a detailed history of Mr. Williams's past job duties. She then opined that Mr. Williams's strongest non-occupational risk factor for the development of carpal tunnel syndrome is his known history of poorly controlled, insulin-dependent diabetes. Dr. Bailey further opined that Mr. Williams's strongest secondary personal risk factor for the development of carpal tunnel syndrome is obesity, which relevant medical literature has linked to the development of carpal tunnel syndrome. Dr. Bailey then opined that Mr. Williams's development of carpal tunnel syndrome is attributable to his known non-occupational personal risk factors.

On March 26, 2015, the claims administrator rejected Mr. Williams's claim for workers' compensation benefits. Following the rejection of the claim, Mr. Williams testified via deposition. He testified that he currently performs a variety of job duties in the course of his employment, most of which encompass the use of his hands and some of which encompass the use of vibratory hand tools.

In its Order affirming the claims administrator's decision, the Office of Judges held that carpal tunnel syndrome is not a compensable diagnosis. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated August 31, 2016. On appeal, Mr. Williams asserts that the evidence of record clearly demonstrates that he developed carpal tunnel syndrome in the course of and resulting from his employment.

The Office of Judges noted that although Mr. Williams's treating physician, Dr. Dann, diagnosed carpal tunnel syndrome, he did not indicate that Mr. Williams's development of carpal tunnel syndrome is related to his occupation. The Office of Judges further noted that the physician's portion of the Employee's and Physician's Report of Injury was not completed. The Office of Judges then looked to West Virginia Code of State Rules §§ 85-20-41.1 – 85-20-41.5 (2006). The Office of Judges noted that Mr. Williams testified that his job duties vary greatly from day to day. The Office of Judges then took note of Dr. Bailey's conclusion that Mr. Williams's development of carpal tunnel syndrome is attributable to the non-compensable personal risk factors of poorly controlled, insulin-dependent diabetes and obesity. Finally, the Office of Judges found that the evidentiary record does not contain any medical evidence supporting the conclusion that Mr. Williams developed carpal tunnel syndrome as a result of his employment. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 6, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker